# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Westwood Specialized Residential, LLC,

Plaintiff,

v.

Srinivas Mukkamala, *et al.*,

Defendants.

Case No. 25-14187

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS CITY OF FLINT AND SHELDON NEELY'S MOTION TO DISMISS [7]

Before the Court is Defendants City of Flint and Sheldon Neely's motion to dismiss.[1] (ECF No. 7.) For the reasons set forth below, the motion to dismiss is denied without prejudice.

The complaint was filed on December 30, 2025. (ECF No. 1.) On January 9, 2026, Plaintiff Westwood Specialized Residential, LLC, filed a certificate of service on the docket. (ECF No. 5.) According to the

---

[1] The description of this filing on the docket states that it is a motion for summary judgment filed by all Defendants. However, it is clear based on the filing itself that it is a motion to dismiss filed only by the City of Flint and Sheldon Neely.

certificate of service, the City of Flint and Mr. Neely (the "Flint Defendants") were served on January 7, 2026. (*Id.*) As such, their deadline to serve a responsive pleading was January 28, 2026. Fed. R. Civ. P. 12(a)(1).

However, the Flint Defendants filed their motion to dismiss on February 4, 2026, a week after their deadline to serve a responsive pleading. (ECF No. 7.) They do not address the untimeliness of the motion to dismiss.

Federal Rule of Civil Procedure 6(b) states that a court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Here, the Court did not extend the deadline for a responsive pleading, nor did the Flint Defendants file a motion seeking an extension of that deadline. As such, the Flint Defendants' motion to dismiss is denied without prejudice because it is untimely. *See Igo v. Sun Life Assurance Co. of Can.*, 652 F. Supp. 3d 929, 934 (S.D. Ohio 2023) ("[A] motion to dismiss may be denied for its untimeliness alone."); *Rahaman v. Progressive Ins. Co.*, No. 2:24-CV-12015, 2025 WL 51964, at *2 (E.D. Mich. Jan. 8, 2025); *Harris v. Brown*, No. 10-CV-13434, 2011 WL 5838306, at *3 (E.D. Mich. Oct. 17, 2011)

(recommending that an untimely motion to dismiss be denied because it was untimely), *report and recommendation adopted*, No. 10-CV-13434, 2011 WL 5838596 (E.D. Mich. Nov. 21, 2011).[2]

Accordingly, the Flint Defendants' motion to dismiss is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: February 5, 2026            s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2026.

                                   s/William Barkholz
                                   WILLIAM BARKHOLZ
                                   Case Manager

---

[2] District courts may convert untimely Rule 12(b)(6) motions to dismiss to Rule 12(c) motions for judgment on the pleadings. "But 12(c) motions are authorized only 'after the pleadings are closed.'" *Rahaman*, 2025 WL 51964, at *2 n.4 (quoting Fed. R. Civ. P. 12(c)). Here, the pleadings are not closed because the Flint Defendants have not filed an answer. *Id.* (citing *Igo*, 652 F. Supp. 3d at 934 n.1). "Thus, this Court may not convert the untimely motion to dismiss to a motion for judgment on the pleadings." *Id.* (*citing Igo*, 652 F. Supp. 3d at 934 n.1).

3